UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:15cv61511

BETTER AIR INTERNATIONAL LIMITED,

        Plaintiff,

v.

ROEI BEN HAIM, and
BETTER AIR USA, INC. d/b/a AIRBIOTICS, INC.
and, d/b/a AIRBIOTICS USA, LLC

        Defendants.
_____/

## COMPLAINT

Plaintiff, Better Air International Limited ("Better Air" or "Plaintiff"), brings this action against Defendants Roei Ben Haim ("RBH") and Better Air USA, Inc. d/b/a Airbiotics, Inc. and d/b/a Airbiotics USA, LLC ("AIRBIOTICS") (collectively the "Defendants"), to declare that U.S. Pat. No. 8,986,610 (the "'610 Patent") [Exhibit A] is invalid and that Better Air is not infringing the '610 Patent, and states and alleges as follows:

### PARTIES

1.     Plaintiff Better Air International Ltd. is a limited liability company established in Hong Kong. Better Air conducts business in South Florida and in this District.

2.     Defendant RBH is the original assignee and current owner of the '610 Patent.

3.     Defendant AIRBIOTICS is incorporated in Delaware, has offices in Florida, and regularly conducts business in this District.

4.     AIRBIOTICS has offices at: 19707 Turnberry Way Aventura, FL 33180 and 3251 N. 37th Street; Hollywood, Florida 33021, and 16461 NE 34th Avenue, North Miami Beach, FL 33160.

5.     Defendants intend to directly financially benefit by making false and misleading

statements to the Plaintiff, its distributors, customers, representatives, agents and affiliates ("Affiliates") to hinder access to Plaintiff's device based upon bogus claims of infringement of Defendants' '610 Patent.

## JURISDICTION AND VENUE

6.  This action is for declaratory judgment of patent invalidity and non-infringement.

7.  The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

8.  This Court has personal jurisdiction over Defendants, because AIRBIOTICS and RBH reside in this District, regularly transact business in this District, and have asserted the Patents in Suit in this District.

9.  Defendants' actions are done willfully and intentionally in violation of Plaintiff's rights with the intention to specifically harm the Plaintiff, its' representatives and distributors within this District.

10. Most of the important witnesses in this action reside in Florida.

11. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

## GENERAL ALLEGATIONS FOR ALL CLAIMS

12. Defendant RBH and AIRBIOTICS claim to be the owners of the '610 Patent.

13. The Defendants know of related United States offers for sale, marketing, and/or other public disclosures that existed more than a year prior to the earliest priority date for application for the '610 Patent.

14. Defendants have wrongfully accused Better Air of infringing the Patents in Suit in Florida. For example, Defendants targeted Better Air and its Affiliates through demand letters sent on April 30, 2015; June 12, 2015 and July 21, 2015. The demand letters contain

misrepresentations. Each accuses Plaintiff and its affiliates of patent infringement and each was sent in bad faith.

15. Better Air is in the business of, amongst other things, providing and creating healthier, more sustainable indoor spaces through the use of environmental probiotics.

16. RBH previously worked at Better Air, Inc. in Israel ("IL") a parallel operation to Better Air International Ltd. in Hong Kong.

17. Through his family, RBH owns approximately twenty percent of the shares in Better Air ("IL"), but has been terminated as an employee of Better Air ("IL").

18. RBH has misappropriated and stolen confidential information and trade secrets from Better Air.

19. While employed by Better Air, RBH used the following signature blocks on his emails:

> Roei ben haim
> Better-air
> Director of business development
> North America

20. For example, on, Monday, July 1, 2013, on behalf of Better Air RBH wrote to a potential U.S. investor:

> It is not far fetched, that should Better Air team execute well on our plan, than [sic] Better Air should become the leading provided of the Indoor air quality to both the business and the consumer markets (our consumer product are [sic] due by October) and our name should be associated with air quality as XEROX was for printing . . . We are conducting tests in prestigious hospitals supervised by leading world experts in the area of Bacterial [sic] contamination, Allergies [sic] and environmental hazards; We have completed the first phase of this trial with very encouraging results and upon completion of the second phase, we believe we should be able to offer the medical industry a proven solution for antibiotic resistant bacteria which is the cause of millions of death every years [sic]

21. RBH is not the inventor of the invention described in U.S. Pat. No. 8,986,610. To the extent it teaches anything new, it was conceived of by Michael Hoffman ("Hoffman") and engineers in Israel for Better Air.

22. RBH was tasked by Better Air with obtaining patent rights for Better Air in United States based upon Better Air's inventions developed in Israel.

23. In fact, Better Air's president Michael Hoffman personally communicated with the attorney of record for the application for the '610 Patent, David Barman, regarding the application for the '610 Patent because RBH was to apply for the invention on behalf of Better Air and needed Hoffman's input to describe the invention.

24. In preparing the application for the '610 Patent, Barman contacted Hoffman because Hoffman and Better Air had the confidential information and understanding of the invention and results of related testing needed to obtain the patent rights in the United States. Hoffman was better able to describe the technology to patent attorney Barman than RBH. Hoffman provided the information to patent attorney Barman because Hoffman understood that RBH and Barman were applying for a patent on behalf of Better Air.

25. Barman and RBH were aware that Prolitec, S.A. ("Prolitec") had patents on similar technology and that the scope of the claims could not lawfully include the prior art described by Prolitec.

26. Specifically, Richard Weening, founder and CEO of Prolitec, is identified as the inventor of Weening, Richard, System and method of controlling Operation of A Liquid Diffusion Appliance, U.S. Appl. No. 13/090,240 filed April 19, 2011 (the "Weening Application").

ASSOULINE & BERLOWE, P.A.
1801 N. Military Trail, Suite 160, Boca Raton, Florida 33431 • Telephone: (561) 361-6566 • Facsimile: (561) 361-6466

27. RBH was well aware of the subject of the Weening Application and Prolitec's other products and patents, and of commercial devices that use a sensor to detect various environmental conditions. This is evidenced by the declaration of M. Hoffman.

28. Neither RBH nor attorney Barman disclosed Better Air's products, the Prolitec Products or the Prolitec patents to the United States Patent and Trademark Office during application for an prosecution of the '610 Patent. This is evidenced by the file wrapper for the '610 Patent.

29. Defendants and Mr. Arden alleged that Better Air's BA-008 (the "Accused Device") infringes at least claim 1 of the '610 Patent.

30. Both independent claims of the '610 Patent, claims 1 and 11, require a sensor.

31. RBH's inclusion of the sensor limitation in the claims of the '610 Patent was an express response to the patent examiner's rejection and statement that the addition of the sensor limitation to the claims would make the patent allowable.

32. The Accused Device functions by emitting the aerated probiotic solution at programmed frequencies to actively emit probiotic solution into the atmosphere for a specific time period based on the operational setting selected on the Accused Device.

33. Unlike the '610 Patent, the Accused Device does not include any components that evidence a sensor to trigger emission of the probiotic solution into the atmosphere.

34. Moreover, the user manual for the Accused Device does not illustrate or describe the use of a sensor.

35. Contrary to Defendants' false allegations, the Accused Device operates on a timer mechanism, not a sensor.

36. Defendants' misrepresentations in the patent application and Defendants' intentional interference with Better Air's, distributors, representatives, and agents in the United States is causing Better Air irreparable harm. Specifically, Defendants and their attorneys have sent false letters accusing Better Air of patent infringement, misappropriation of trade secrets and unfair competition to Amazon, Taly Dery, Simon Dery, Better Air North America, LLC, Eran Danino, Global Impact, Inc. and Star Marketing Partners, LLC.

37. Defendants' and their attorneys' threat letters are patently false and calculated in bad faith to interfere, hinder and delay Better Air's entry into the United States market.

38. Unless enjoined Defendants will continue to cause Better Air irreparable harm.

39. Better Air is obligated under its contracts with its representatives and distributors to take action against Defendants' libelous allegations of infringement, which have caused and continue to cause Better Air damages including attorneys' fees and costs.

40. Defendants also now know of the above facts and Prior Art and other Prior Art, but baselessly continue to assert the Patents in Suit against Better Air for the Accused Products.

41. All conditions precedent to bring this action have occurred, been satisfied and, or waived.

**COUNT I**
**DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 8,986,610**

42. Better Air incorporates by reference and re-alleges, as if fully set forth herein, the allegations contained in Paragraphs 1 through 41, above.

43. The '610 Patent is invalid under 35 U.S.C. § 101 et seq., and fails to meet the patentability standards under 35 U.S.C. § 112, and/or because it is anticipated by, or obvious in view of the prior art under 35 U.S.C. §§ 102 and 103.

44. There exists a real and actual controversy between Better Air and Defendants

concerning the validity of the '610 Patent.

45. Better Air is entitled to a declaratory judgment that the '610 Patent is invalid.

46. Given the prior art known to it, Defendants know or should know that the claim of the '610 Patent that Defendants asserted against Better Air is invalid.

47. Due to the exceptional circumstances of this case, the Court should award Better Air its attorneys' fees pursuant to 35 U.S.C. § 285.

WHEREFORE, Better Air respectfully requests this Court: i) enter a declaratory judgment and decree holding that the '610 Patent is invalid; and ii) grant such relief as is just, fair, and equitable.

## COUNT II
## DECLARATORY JUDGMENT OF NON-INFRINGMENT OF U.S. PAT. NO. 8,986,610

48. Better Air incorporates by reference and re-alleges, as if fully set forth herein, the allegations contained in Paragraphs 1 through 41, above.

49. The accused device does not have a sensor.

50. Better Air has not infringed and is not infringing the '610 Patent.

51. The Better Air Products have substantial non-infringing uses.

52. There exists a real and actual controversy between Better Air and Defendants concerning the infringement of the '610 patent.

53. Better Air is entitled to a declaratory judgment that it has not directly or indirectly infringed and is not infringing the '610 patent.

54. Due to the exceptional circumstances of this case, the Court should award Better Air its attorneys' fees pursuant to 35 U.S.C. § 285.

ASSOULINE & BERLOWE, P.A.
1801 N. Military Trail, Suite 160, Boca Raton, Florida 33431 • Telephone: (561) 361-6566 • Facsimile: (561) 361-6466

WHEREFORE, Better Air respectfully requests this Court: i) enter a declaratory judgment and decree holding that the '610 Patent is not infringed by Better Air; and ii) grant such further relief as is just, fair, and equitable.

### COUNT III
### UNFAIR COMPETITION AND FALSE AND DECEPTIVE ADVERTISING

55. Better Air incorporates by reference and re-alleges, as if fully set forth herein, the allegations contained in Paragraphs 1 through 41, above.

56. Defendants have written to Better Air's affiliates and accused the Accused Device of infringing their trade dress and design. However, Defendants own no trade dress or design embodied in the Accused Device.

57. In fact, Defendants unlawfully copied Better Air's design.

58. Defendants also falsely claim that "Airbiotics invented and pioneered its patented BioZone Probiotics™," however Defendants do not have any patent on BioZone Probiotics™.

59. In fact, BioZone is a trademark of Better Air, outside the United States for its Probiotics that Defendants copied from Better Air.

60. Defendants false and misleading statements are likely to confusions consumers and constitute unfair competition.

61. Defendants statements made in connection with the BA-008 and their competing goods and services are false or misleading descriptions and representations of fact, which are in commercial advertising and promotion, misrepresentative of the nature, characteristics, qualities, Defendants' and Better Air's goods, services, or commercial activities,

WHEREFORE, Better Air respectfully requests this Court: i) enter a preliminary and permanent injunction enjoining Defendants from further unfair competition; ii) awarding Better Air damages, costs and attorneys' fees; and ii) grant such relief as is just, fair, and equitable.

## COUNT V
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES

62. Better Air incorporates by reference and re-alleges, as if fully set forth herein, the allegations contained in Paragraphs 1 through 41, above.

63. Defendants have, in bad faith, unfairly and deceptively targeted Better Air with bogus demands, claims, and published statements of patent infringement, unfair competition and theft of trade secrets made against Better Air and the Better Air Affiliates in relation to the Accused Device.

64. Defendants' actions constitute deceptive unfair trade practices under Florida law.

WHEREFORE, Better Air respectfully requests this Court: i) enter a preliminary and permanent injunction enjoining Defendants from further deceptive and unfair trade practices; ii) awarding Better Air damages, costs and attorneys' fees pursuant to Fla. Stat. § 501.2105; and ii) grant such relief as is just, fair, and equitable.

## COUNT VI
## TRADE LIBEL

65. Better Air incorporates by reference and re-alleges, as if fully set forth herein, the allegations contained in Paragraphs 1 through 41, above.

66. Defendants have written to Better Air's affiliates making demands, claims, and published statements of patent infringement, unfair competition and theft of trade secrets.

67. Defendants' letters include false statements of fact regarding Better Air, the Accused Device, and Better Air's actions directed at Better Air's business affiliates.

68. Defendants' letters to Better Air business affiliates falsely claim the Accused Device infringes the '610 Patent and falsely claims Better Air is engaging in unfair competition and theft of trade secrets.

69. A comparison of the Accused Device to the '610 Patent contradicts Defendants' baseless claim of patent infringement. Defendants' knew, or reckless disregarded, the statements regarding patent infringement, unfair competition and theft of trade secrets in the letters were false.

70. Defendants' letters were directed at Better Air's business and their affiliates, resulting in damage to Better Air's business in the United States.

WHEREFORE, Better Air respectfully requests this Court: i) enter a preliminary and permanent injunction enjoining Defendants from further damaging communications; ii) awarding Better Air damages, costs and attorneys' fees; and ii) grant such relief as is just, fair, and equitable.

Dated: July 24, 2015                    Respectfully submitted,

**ASSOULINE & BERLOWE, P.A.**
1801 N. Military Trail, Suite 160
Boca Raton, Florida 33431
Telephone: (561) 361-6566
Facsimile: (561) 361-6466

By:  *s/ Peter A. Koziol*
Peter A. Koziol, Esq. (FBN 030446)
pak@assoulineberlowe.com
Eric N. Assouline, Esq. (FBN 106143)
ena@assoulineberlowe.com
Greg M. Popowitz, Esq. (FBN 70313)
gmp@assoulineberlowe.com

*Attorneys for Plaintiff,*
*Better Air International Limited*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the methods referenced below this day July 24, 2015 on all counsel or parties of record on the service list indicated below:

By:    s/ *Peter A. Koziol*
        Peter A. Koziol

## SERVICE LIST

*Better Air International Ltd.  v. Roei Ben Haim, et. al.*
**CASE NO: 0:15cv61511**
**United States District Court, Southern District of Florida**

**Via U.S. Mail and Electronic Mail**

*Attorneys for the Defendants*
*Roei Ben Haim, and*
*Better Air USA, Inc.*