UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:15cv61511-COOKE/TORRES

BETTER AIR INTERNATIONAL LIMITED,

                Plaintiff,

v.

ROEI BEN HAIM, and
BETTER AIR USA, INC. d/b/a AIRBIOTICS, INC.
and d/b/a AIRBIOTICS USA, LLC

                Defendants.
_____/

## JOINT SCHEDULING REPORT

Plaintiff BETTER AIR INTERNATIONAL LIMITED ("Better Air") and Defendant ROEI BEN HAIM ("Ben Haim"), by and through their respective counsel, hereby submit their Joint Scheduling Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 16.1(b), S.D. Fla. L.R., and this Court's Order Requiring Counsel to Meet and File Joint Scheduling Report and Proposed Order [DE 10].

**1.**    **Meeting of Parties**

Pursuant to Fed. R. Civ. P. 26(f) and S.D. Fla. Local Rule 16.1(b)(1) a telephonic meeting was held at 10:45 a.m. on August 25, 2015, which was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Peter A. Koziol | Plaintiff |
| Eric N. Assouline | Plaintiff |
| Greg Popowitz | Plaintiff |
| Daniel Barsky | Defendants |
| Eric Cristu | Defendants |
| Nicholas Kurk | Defendants |

1

2.	**Nature of the Claims (per R.26(f)(2)):**

This action stems from three cease and desist letters dated April 29, 2015, June 12, 2015, and July 21, 2015 which were sent by the Defendants to the Plaintiff and its affiliates, alleging *inter alia* that the BA-008 infringes the '610 Patent and that the Plaintiff stole the Defendant's alleged intellectual property, and the Defendant's unfair competition/false adverting of their own products as patented pursuant to the '610 Patent

3.	**Any Unique Legal or Factual Aspects of the Case for Special Consideration:**

There are no unique legal or factual aspects at this time.  Nevertheless, the parties wish to draw the court's attention to the fact that, because this is action pertains to a patent, there are additional deadlines in the proposed schedule the parties set forth in Section 11 below, including deadlines with respect to claim construction.

4.	**Status or Likelihood of Settlement (per LR. 16.1(b)(2)(A)):**

Pursuant to this Court's Order [DE 10, at ¶ 5(iii)], one of the purposes of the parties' conference was to discuss settlement in good faith.  The parties' counsel discussed settlement during their conference, however, they were unable to reach a resolution of this matter.

The parties have not yet selected a mutually agreeable mediator.  However, the parties anticipate engaging in mediation no later than June 24, 2016 pursuant to the schedule set forth in Section 11 below.  Pursuant to this Court's Order [DE 10, at ¶ 6], once the parties have agreed on a mediator and specific date, they will submit to the Court a proposed order scheduling mediation.

5.	**Likelihood of Appearance of Additional Parties (per LR. 16.1(b)(2)(B)):**

Additional parties such as Tal Ben Haim, Robert Meirovich, Taly Dery, and Better Air North America may be added to this action if necessary or proper.

**6.      Necessity and Desirability of Amending the Pleadings (per LR. 16.1(b)(2)(E)):**

The parties would like to leave open the possibility of an amendment of the pleadings in accordance with the Federal Rules of Civil Procedure should the need or desire to amend arise within the time permitted under the Rules. At this time, Defendants motion to dismiss is pending and the Defendants reserve the right to assert counterclaims if its motion is not granted in full.

**7.      Timing of Initial Disclosures (per R. 26(f)(3)(A)):**

Both parties made their initial disclosures on September 8 as agreed by the parties and pursuant to Fed. R. Civ. P. 26(a)(1).

**8.      Subjects on which Discovery May Be Needed and Whether Discovery Should be Phased or Limited to Particular Issues (per R. 26(f)(3)(B) and (E):**

The parties currently and reasonably believe that discovery may be needed as to the following subjects: infringement of the '610 Patent by the BA008 or other devices made or sold by Plaintiff; indefiniteness of the '610 Patent; functionality of the '610 Patent; novelty of the '610 Patent; obviousness of the '610 Patent; ornamentality of the '610 Patent; inventorship of the design reflected in the '610 Patent; prior art with respect to the '610 Patent; advertising, sales and promotion of products allegedly embodying the '610 Patent, including the Airbiotic1 and other devices made or sold by Defendants; assignment of the '610 Patent; licensing of the '610 Patent; and any and all other issues related to the invalidity or validity of the '610 Patent.

The parties agree that discovery need not be phased or limited to certain issues.

The parties do not believe that any changes are needed to the limitations on discovery imposed by the Federal Rules of Civil Procedure or this Court's Local Rules; therefore, the parties agree to abide by those set forth in the rules of this Court.

9. **Discovery of Electronically Stored Information (per R. 26(f)(3)(C)):**

   (a) Electronic discovery: The parties expect to request or produce information from electronic or computer-based media. The parties have not reached an agreement as to acceptable methodologies for identifying, searching, and reviewing ESI; however, the parties have agreed on the following basic parameters.

      (i) Format for Production: The parties have agreed that the production of electronic documents shall initially be made in PDF format. Thereafter, the receiving party may request that any or all of the documents previously produced in PDF format be further produced in native format, and/or TIFF format with a load file that delineates logical document boundaries, together with text files to ensure that the production maintains any word searchability.

      (ii) Sources Not Reasonably Accessible: If a party responding to a discovery request asserts that responsive, electronically stored information is not reasonably accessible, then that party shall have the burden to demonstrate such with specific, factual evidence to the requesting party and, if necessary in response to a motion, to the Court. If found to have been sufficiently demonstrated through factual evidence, then the parties shall meet and confer as to who shall bear the reasonable cost required to produce such data. The parties each represent that they have taken reasonable measures to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise.

**10.     Issues of Privilege or Protection (per R. 26(f)(3)(D)):**

Pursuant to Fed. R. Civ. P. 26(c), the parties intend to jointly propose a protective order to the Court for the protection of confidential and highly confidential information, as well as proposing a manner in which privileged or otherwise protected materials should be managed in the circumstance of inadvertent production.

**11.     Proposed Deadlines and Limits on Time:**

The parties have agreed to and propose the following deadlines in this action:

| | |
|---|---|
| Tuesday, September 8, 2015 | Initial Disclosures |
| Friday, January 22, 2016 | Joinder of parties and claims, and amendment of pleadings |
| Friday, January 8, 2016 | Parties to confer regarding what terms if any need to be construed by the court |
| Friday, January 15, 2016 | Parties to file a joint report as to the claim terms they believe need construction by the Court and their proposed meanings as to those terms |
| Friday, January 29, 2016 | Each party to file Opening Markman claim construction brief |
| Friday, February 26, 2016 | Each party to file Responsive Markman claim construction brief |
| Friday, March 18, 2016 | [Proposed] Markman hearing and Technology Tutorial on or about |
| Friday, July 8, 2016 (i.e., 25 weeks prior to pretrial stipulation) | List of fact witnesses intended to be called to testify at trial |
| Friday, May 20, 2016 | Fact Discovery Completed |
| Friday, June 3, 2016 | Expert Disclosures, including summaries, for the party having the burden of proof on an issue due. Within the 30-day period thereafter, each party shall make their expert(s) available for deposition. |

| | |
|---|---|
| Friday, July 15, 2016 | Rebuttal Expert Disclosures, including summaries, due. Within the 30-day period thereafter, each party shall make their rebuttal expert(s) available for deposition |
| Friday, August 19, 2016 | Expert Discovery Completed |
| Friday, September 2, 2016 (i.e., 17 weeks prior to pretrial stipulation) | Filing of all dispositive pretrial motions and memoranda of law |
| Friday, October 14, 2016 (i.e., 11 weeks prior to pretrial stipulation) | Filing all pretrial motions, including Daubert motions, and accompanying memoranda of law |
| Friday, October 21, 2016 (i.e., 10 weeks prior to pretrial stipulation) | Mediation to be Completed |
| Friday, December 2, 2016 (i.e., 4 weeks prior to pretrial stipulation) | Parties Deadline to Meet for Purposes of Preparing a Joint Pre-trial Stipulation |
| Friday, December 30, 2016 | (a) Filing of Joint Pre-trial Stipulation and (b) Joint Summary of Respective Motions in Limine |
| Friday, January 20, 2017 | Pretrial Conference |
| Friday, February 3, 2017 (i.e., Friday before Calendar Call) | Final proposed findings of fact and conclusions of law and jury instructions |
| Thursday, February 9, 2017 | [Proposed] Calendar Call |
| Monday, February 13, 2017 | [Proposed] Trial Date |

**12.   Estimate length of trial and whether it is jury or non-jury trial:**

The parties estimate that this case will require 5-6 days to try.

**13.   List of all pending motions, ripeness and summary of parties' positions:**

Defendant's Motion to Dismiss [DE 34] and for a More Definite Statement

Ripeness: Plaintiff's Response is due on September 21, 2015 and Plaintiff will be filing its Response at that time. Plaintiff's position will be set forth in its Response.

**14.    Advisability of Referring Matters to Magistrate Judge (per LR. 16.1(b)(2)(H)):**

The parties consent to referring discovery matters to the Magistrate Judge.  The parties also consent to referring motions for costs, attorneys' fees and/or for sanctions to the Magistrate, and have attached hereto an executed form reflecting such consent.  Exhibit "1."  The parties have not elected to refer further proceedings such as the trial of this action to the Magistrate; accordingly, no consent form is attached hereto in that regard.

**15.    Any other matters that Local Rule 16.1(b) requires:**

(a)     Case Management Track: The parties recommend this case be assigned to the Standard Track, as outlined in Rule 16.1(a), S.D. Fla. L.R.

(b)     Proposals for Formulation and Simplification of Issues:  None are currently known.  However, the parties agree to work towards the simplification of issues for trial in an effort to avoid unnecessary expense or time.

(c)     Possibility of Obtaining Admissions of Fact and Documents:  As the case progresses, the parties have agreed to continue to discuss the possibility of obtaining admissions of fact and of the document.  The parties will work together in an attempt to agree upon the authenticity and admissibility of documents prior to trial.

(d)     Suggestions for the Avoidance of Unnecessary Proof:  The parties do not anticipate any problems with cumulative evidence and agree to work together in order to avoid such as the trial approaches.

(e)     Joint Proposed Scheduling Order (L.R. 16.1(b)(3) – A proposed order is attached hereto as Exhibit "2."

Dated: September 17, 2015                                   Respectfully submitted,

By: s/Daniel J. Barsky                                      By: s/Peter A. Koziol
    Daniel J. Barsky, Esq.                                   Peter A. Koziol (FBN 030446)
    dbarsky@shutts.com                                       pak@assoulineberlowe.com
    Eric C. Christu, Esq.                                    Eric N. Assouline (FBN 106143)
    echristu@shutts.com                                      ena@assoulineberlowe.com
    **SHUTTS & BOWEN LLP**                                   Greg M. Popowitz (FBN 70313)
    1100 CityPlace Tower                                     gmp@assoulineberlowe.com
    525 Okeechobee Boulevard                                 **ASSOULINE & BERLOWE, P.A.**
    West Palm Beach, Florida 33401                           1801 N. Military Trail, Suite 160
    Office: (561) 650-8518                                   Boca Raton, Florida 33431
    Fax: (561) 822-5527                                      Telephone: (561) 361-6566
                                                             Facsimile:  (561) 361-6466

    Jonathan E. Strouse, Esq.
    jstrouse@harrisonheld.com                                *Attorneys for Plaintiff,*
    **HARRISON & HELD, LLP**                                 *Better Air International Limited*
    333 West Wacker Drive
    Suite 1700
    Chicago, IL 60606
    Phone: (312) 332-1111
    Fax: (312) 332-1150

    Nicholas A. Kurk, Esq.
    kurk@youngbasile.com
    Thomas P. Arden, Esq.
    arden@youngbasile.com
    Ryan McCleary, Esq.
    mccleary@youngbasile.com
    **YOUNG BASILE HANLON & MACFARLANE, PC**
    222 S. Riverside Plaza, Suite 2100
    Chicago, Illinois  60606
    Office: (312) 754-9332
    Fax: (312) 445-9325

    *Attorneys for Defendants,*
    *Better Air USA, Inc.,*
    *d/b/a Airbiotics, Inc. and*
    *d/b/a Airbiotics USA, LLC,  and,*
    *Roei Ben Haim*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this day September 17, 2015 on all counsel or parties of record on the service list via the methods indicated below:

By:     s/ *Peter A. Koziol*
       Peter A. Koziol

### SERVICE LIST
*Better Air International Ltd.  v. Roei Ben Haim, et. al.*
CASE NO: 0:15cv61511-MGC
United States District Court, Southern District of Florida

**Via CM/ECF**

Nicholas A. Kurk, Esq.
kurk@youngbasile.com

Thomas P. Arden, Esq.
arden@youngbasile.com

Ryan McCleary, Esq.
mccleary@youngbasile.com

Young Basile Hanlon & MacFarlane, PC.
222 S. Riverside Plaza, Suite 2100
Chicago, Illinois  60606
Office: (312) 754-9332
Fax: (312) 445-9325

Daniel J. Barsky, Esq.
dbarsky@shutts.com

Eric C. Christu, Esq.
echristu@shutts.com

Shutts & Bowen LLP
1100 CityPlace Tower
525 Okeechobee Boulevard
West Palm Beach, Florida 33401
Office: (561) 650-8518
Fax: (561) 822-5527

Jonathan E. Strouse, Esq.
jstrouse@harrisonheld.com

Harrison & Held, LLP
333 West Wacker Drive
 Suite 1700
 Chicago, IL 60606
Phone: (312) 332-1111
Fax: (312) 332-1150

**Attorneys for Defendants,
Better Air USA, Inc. and,
Roei Ben Haim**